521 P.2d 664

**STATE of Idaho ex rel. W. Carl GRINER, Inspector of Mines of the State of Idaho, Plaintiff-Respondent,**

v.

**The BUNKER HILL COMPANY, Defendant-Appellant.**

**No. 11246.**

Supreme Court of Idaho.

April 16, 1974.

---

James P. Keane, Kellogg, for defendant-appellant.

W. Anthony Park, Atty. Gen., Warren Felton, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

This action was instituted on behalf of the State of Idaho by W. Carl Griner, the Inspector of Mines of the State (plaintiff-respondent), seeking a permanent injunction against the Bunker Hill Company (defendant-appellant) ordering the appellant company and its agents to allow "employee safety committeemen or other employees" to accompany the mine inspector on safety inspections when so requested.

The mine inspector and his assistants, beginning in March 1971, at various times requested the appellant company to permit representatives of company employees[1] to accompany him or his assistants during safety inspections of the mine. The appellant refused these requests. On June 25, 1971, the mine inspector wrote appellant ordering it to provide "for and/or allow a representative of the employees to accompany the State Mine Inspector and/or his deputies on safety and health inspections of your facilities when requested to do so * * *." The mine inspector predicated his authority for this order on I.C. § 47–104.[2]

The appellant responded to the mine inspector's letter and denied that the mine inspector had the authority under the statute for such an order. The mine inspector then instituted this action seeking injunctive relief to require appellant to provide for "employee safety committeemen or other employees" to accompany him during tours of inspection of the appellant's properties. The appellant company answered the mine inspector's complaint, generally admitting the factual allegations but disputing the statutory authority used as the basis of the mine inspector's demands, but asserting that appellant was under no duty to have an employee committeeman or other employee accompany the mine inspector or his deputies on any inspections.

Various depositions were taken and filed and both parties submitted affidavits. The mine inspector moved for summary judgment, following which arguments were presented to the court and written briefs submitted. The trial court in a memoran-

---

1. As used herein the phrase "representatives of the employees" has reference to employees of the company who are also members of the local union. It should be pointed out that although the mine inspector's demand and the company's refusal of compliance were in the terms of "employee representatives," the relief sought by the mine inspector and that granted by the trial court was in terms of "employee safety committeemen or other employees."

2. I.C. § 47–104 provides in pertinent part:
"*Said inspector shall have full power and authority*, at all reasonable hours, *to enter and examine any and all mines in this state at such times as shall not unreasonably interfere with the normal operations of the mine*, upon prior notice given to the owner, lessor, lessee, agent, manager or other person in charge for the purpose of carrying out the duties as set forth in this chapter and the owner, lessor, lessee, agent, manager or other *person in charge of such mine or mines, shall render the inspector such assistance* as may be required by the inspector *to enable him to make a full, thorough and complete examination* of each and every part of such mine or mines; * * * * the inspector of mines may maintain an action in equity in the name of the state of Idaho *to perpetually enjoin any owner*, lessor, lessee, agent, manager *or other person in charge* of any mine * * * *from doing any act which interferes with, hinders or delays the inspector of mines from carrying out his duties* as set forth in this chapter."
(Emphasis supplied.)

dum opinion outlined his views on the issues, stating,

"Both parties agree that there are no issues of material fact and plaintiff has moved for summary judgment upon the record."

Subsequent to rendition of the opinion, the trial court, treating the case as one submitted on the record, entered findings of fact, conclusions of law and its judgment. In the judgment the trial court ordered the appellant company and its employees, upon request of the mine inspector, to provide for and allow its employee safety committeemen or other employees to accompany the mine inspector on his inspection tours. The trial court held that under the provisions of I.C. § 47–104, the mine inspector is empowered to order the mine owner or person in charge to provide the mine inspector or his deputies with employee safety committeemen or other employees to aid in the inspections conducted on the premises. Appellant then perfected this appeal. It assigns as error the granting of the summary judgment and also the denial of its post-judgment motion for a new trial and other relief.

Appellant argues that the mine inspector in requesting "employee representatives" to accompany him in effect adopted new rules and policies. Appellant urges that I.C. § 47–103 requires the inspector to meet with the State Mine Safety Advisory Board concerning rules and regulations. Appellant further contends that the Administrative Procedure Act, I.C. § 67–5201 et seq., requires that certain procedures be followed for adoption of rules and regulations by all departments and administrative bodies, with certain exceptions not involved here. The appellant then asserts that the mine inspector neither brought this new policy before the State Mine Safety Advisory Board, nor complied with the requirements of the Administrative Procedure Act in promulgating new rules and policies.

The Mine Safety Advisory Board, created by I.C. § 47–112, is an advisory board with whom the mine inspector shall consult before passing regulations. I.C. § 47–103. However, these statutory provisions neither require that the mine inspector must consult with such board before he inspects a mine nor require a mine operator to take certain action. In this case the mine inspector did not adopt new rules or procedures, as urged by appellant, but only sought assistance in order to make his inspections more thorough. I.C. § 47–104 establishes the procedure for the conduct of inspections and spells out in detail the rights and duties of the mine inspector and of the mine operator. It is our conclusion that there is no requirement that the mine inspector first consult with the Mine Safety Advisory Board before taking the preliminary steps leading to and conducting an inspection of a mine.

It is the further conclusion of this court that the requirement of the Administrative Procedures Act for giving notice of proposed rules are not applicable to this particular case; in this case the mine inspector did not adopt a new rule, because he sought to require the appellant to comply with what he deemed necessary in his discretion for a proper inspection of the mine. This authority was granted to the mine inspector by I.C. § 47–104.

I.C. § 47–104 provides that the mine operators "shall render the inspector such assistance as may be required by the inspector to enable him to make a full, thorough and complete examination of each and every part of such mine or mines." The extent of this duty to assist is basically within the mine inspector's discretion, "assistance as may be required," except for three limitations, i. e. (1) appropriate notice of an impending inspection must be given; (2) the inspection must be during a reasonable hour; and (3) the inspector in conducting his inspection must

not "unreasonably interfere" with the mine operations. There is no issue presented as to the first two conditions. As concerns the third condition it is noteworthy that the legislature only forbade inspections which "unreasonably interfere" with mine operations. By phrasing this limitation in the negative the legislature recognized the necessity of reasonable *interference* with mine operations in order for the mine inspector to meet his statutory responsibilities.

In examining the record before the trial court, we find no error in its conclusions or judgment or in its order denying the motion for new trial. The judgment is affirmed. Costs to respondent.

SHEPARD, C. J., and DONALDSON, McQUADE and BAKES, JJ., concur.